**Gurjinder SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 06–72418, 06–74357.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 23, 2009.

Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William Clark Minick, Trial, OIL, Dimitri N. Rocha, Esquire, Erica Miles, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Gurjinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying his motions to reopen and reconsider. We

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and we deny the petitions for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen to apply for adjustment of status because he did not submit clear and convincing evidence indicating a strong likelihood that his marriage is bona fide. *See Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003); 8 C.F.R. § 204.2(a)(1)(iii)(B).

The BIA did not abuse its discretion in denying Singh's motion to reconsider because the motion failed to identify any errors of fact or law in the BIA's April 7, 2006 order denying his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1). Singh has waived any challenge to the BIA's conclusion that, construed as a motion to reopen, the motion was numerically barred. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Singh's remaining contentions are not persuasive.

**PETITIONS FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.